United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| WORLD AG ASSOCIATES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>OLIGO BASICS USA, LLC, et al.,<br><br>Defendants. | Case No. 20-cv-05397-LB<br><br>**DISCOVERY ORDER**<br>Re: ECF No. 39 |

This is a contract dispute about a License Agreement whereby the plaintiff, World Ag, became the exclusive licensee and distributor of the defendants' product in a limited Territory for 20 years. In 2020, the defendants terminated the License Agreement on the ground that the plaintiff did not use commercially reasonable efforts to make sales. The parties dispute whether the defendants should be compelled to produce information related to sales, financial projections, and any license distribution and/or marketing agreements concerning sales or use of the product in countries *outside* the relevant Territory.[1] The court can decide the dispute without oral argument. N.D. Cal. Civ. L. R. 7-1(b).

---

[1] Discovery Letter – ECF No. 39. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 20-cv-05397-LB

1    The plaintiff contends that information from other territories is relevant to their damages
2    calculations, may show whether the defendants breached the License Agreement by making
3    "indirect sales" outside the Territory, and is relevant to what "commercially reasonable efforts"
4    are in other territories. The plaintiff asks the court to order the defendants to withdraw their
5    relevance objections entirely and produce all non-privileged documents and information related to
6    sales, projections, licenses, and distribution agreements, regardless of whether that information
7    relates to matters outside the Territory.[2]

The defendants contend that the plaintiff's requests are irrelevant, overbroad, and would require them to produce every document and correspondence created by the defendants since at least 2015. They maintain that the plaintiff has been unwilling to compromise on any of its requests, despite the fact that the defendants have already produced over 15,000 documents covering every document relevant to the contractual relationship between the parties and/or sales of the product inside the relevant Territory. The defendants suggest producing documents sufficient to show all international sales of the product and the documents sufficient to show the distribution/licensing agreements for any international sales of the product since 2015.[3]

The court adopts the defendants' proposal, which is very reasonable in light of the limited scope of the License Agreement. The defendants must produce documents that show all international sales of the product and the distribution/licensing agreements for any international sales of the product since 2015.

**IT IS SO ORDERED.**

Dated: June 18, 2021

LAUREL BEELER
United States Magistrate Judge

---

[2] *Id.* at 2–3, 5.

[3] *Id.* at 3–5.